

# The Attorney General of Texas

May 24, 1979

.RK WHITE
orney General

·eme Court Building
Box 12548
in, TX 78711
475-2501

Commerce, Suite 200
is, TX. 75202
742-8944

· Alberta Ave . Suite 160
sso, TX 79905
533-3484

Main, Suite 610
ston. TX. 77002
226-0701

Broadway, Suite 312
)ock. TX. 79401
747-5238

N. Tenth. Suite F
llen, TX 78501
682-4547

Main Plaza. Suite 400
Antonio TX 78205
225-4191

.qual Opportunity/
mative Action Employer

Honorable K. L. Carnley
Caldwell County Attorney
Caldwell County Courthouse
Lockhart, Texas 78644

Opinion No. MW-23

Re: Whether a long-time county employee who was dismissed shortly before his wife took office as a county. commissioner may be rehired.

Dear Ms. Carnley:

You have asked three questions relating to the application of the nepotism laws to a situation in Caldwell County. You advise that an individual had been employed by the county for more than 17 years. The employee's wife was elected county commissioner for precinct two at the election held on November 7, 1978. On November 28, 1978, the outgoing precinct two commissioner discharged the employee. You indicate that the discharge was arguably without good cause, but there has been no judicial determination or reinstatement.

Your first question is:

1. May the new commissioner rehire her husband in his old position if the firing was without good cause?

The Nepotism Statute, article 5996a, V.T.C.S., provides in part:

No officer ... of any ... county, ... shall appoint, or vote for, or confirm the appointment ... or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such ... court of which such person so appointing or voting may be a member when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained, ... shall prevent the appointment, voting for,

or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree.

The discharge of an employee terminates a period of continuous employment for purposes of the Nepotism Statute. Letter Advisory No. 151 (1978). Thus, before November 28 the individual had been continuously employed for a period of more than two years, but after November 28 the continuous employment was broken and he no longer met the requirements of the proviso in the statute. It has been suggested that the two year period is measured from the day on which the election was held, and that the employee therefore was continuously employed for two years prior to his wife's election and thus satisfied the statutory proviso. We need not decide whether a post-election break in employment would be a bar to continued employment, since Attorney General Opinions V-1142 (1951) and M-862 (1971) demonstrate that the facts in this case constitute a pre-election break. Attorney General Opinion V-1142 indicated:

> We have concluded that the word 'election' as used in the above Act should be construed to mean the time of taking office, ... It is to be noted that the Act uses the words 'election or appointment,' and clearly the Legislature intended the critical date from which the two-year period was to be computed should be the same in the case of either an appointed official or an elected official, or it would have used language different from that found here. The caption to House Bill 508 so provides, because it is there stated the provisions of [article 5996a, V.T.C.S.] shall not apply to persons holding positions for two years 'prior to the time an officer or board member related to them takes office.'

(Emphasis in original).

Thus, the individual may not be rehired, since he had not been continuously employed by the county for a period of two years prior to the time his wife took office on January 1, 1979. See also Attorney General Opinion H-993 (1977).

Your second and third questions are:

2.   What liability would the Commissioners Court have, if any, if she rehires her husband?

3.   If she attempts to rehire her husband must the County Auditor put him on the payroll and if he does, what liability would he have?

Article 5996d, V.T.C.S., provides:

> No officer or other person included within [article 5996a] shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person knowing him to be so ineligible.

Article 5996f, V.T.C.S., provides:

> Whoever violates any provision of [article 5996a-5996e] shall be guilty of a misdemeanor involving official misconduct, and shall be fined not less than one hundred, nor more than one thousand dollars.

Thus, a commissioner who votes for or confirms the appointment of the ineligible employee or who approves an account or authorizes the drawing of a warrant to pay his salary would be liable to be convicted of a misdemeanor involving official misconduct. A county auditor who approves the account or drew or authorized the drawing of a warrant to pay the individual would also be liable to conviction.

## SUMMARY

A long-time county employee who was discharged between his wife's election to the commissioners court and her taking office, may not be reemployed.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks

Honorable K. L. Carnley   -   Page Four   (MW-23)

Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood